AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the

## District of Kansas

| | |
|---|---|
| In the Matter of the Search of: <br> *(Briefly describe the property to be searched or identify the person by name and address)* <br><br> The residence located at 624 N. Osage, Caldwell, Sumner County, Kansas ("SUBJECT PREMISES"), including any outbuildings and vehicles located on the curtilage. See Attachment "A". | } } } } } } <br><br> Case No.  21-M-6193-01-KGG |

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The residence located at 624 N. Osage, Caldwell, Sumner County, Kansas ("SUBJECT PREMISES"), including any outbuildings and vehicles located on the curtilage.  See Attachment "A".

located in the **DISTRICT OF KANSAS**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

✓ evidence of a crime;

✓ contraband, fruits of crime, or other items illegally possessed;

✓ property designed for use, intended for use, or used in committing a crime;

  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g) | Felon in possession of a firearm; selling, giving, or otherwise disposing of any |
| 18 USC 922(d) | firearm or ammunition to a prohibited person; being engaged in the business of |
| 18 USC 922(a)(1)(A) | dealing in firearms without being licensed |

The application is based on these facts:

See Attached Affidavit

✓ Continued on the attached sheet.

  Delayed notice of_____days (give exact ending date if more than 30 days:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA JUSTIN D. SPRAGUE, Bureau of ATF
*Printed name and title*

Telephonically

Sworn to before me and signed ~~in my presence~~.

Date:  11/30/21

_____
*Judge's signature*

City and state:  Wichita, Kansas

HONORABLE KENNETH G. GALE, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Justin D. Sprague, (Affiant) being duly sworn, declare and state:

I have been employed as a Special Agent (SA) for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since December of 2013. I am currently assigned to the Wichita Field Office in Wichita, KS. As a Special Agent with ATF, I have attended the Federal Law Enforcement Training Center's Criminal Investigator Training Program and ATF Special Agent Basic Training. Previous to this, I was an Industry Operations Investigator with the ATF for six years specializing in regulatory enforcement of firearms and explosives regulations. I have two years with the Emporia Police Department as a police officer conducting daily patrol activities. I am also a graduate from Pittsburg State University with a Bachelor of Science in Justice Studies.

## PURPOSE OF AFFIDAVIT

2.      This affidavit is made in support of a search warrant for the following premises:

a.      The residence located at 624 N. Osage, Caldwell, Sumner County, Kansas (**"SUBJECT PREMISES"),** including any outbuildings and vehicles located on the curtilage.

3.      There is probable cause to believe that evidence of possession of firearms and ammunition by prohibited persons in violation of 18 U.S.C. § 922(g); evidence of selling, giving, or otherwise disposing of any firearm or ammunition to a prohibited person in violation of 18 U.S.C. § 922(d); and evidence of being

1

engaged in the business of dealing in firearms without being licensed in violation of 18 U.S.C. § 922(a)(1)(A) will be found at the **SUBJECT PREMISES.**

4.      Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause for the issuance of a search warrant, I have not described all of the relevant facts and circumstances of which I am aware that relate to this or other investigations. This affidavit does not purport to set forth all of my knowledge of, or investigation into, this matter. The information in this affidavit is based on my personal knowledge of the facts of this investigation, as well as oral and/or written communications with other law enforcement personnel and investigators. The opinions which I have formed, and the statements set forth in this affidavit are based upon my training and experience as well as consultation with other, more experienced investigators.

## PREMISES TO BE SEARCHED

5.      This affidavit is made in support of a search warrant to search the following premises:

a.      The residence located at 624 N. Osage, Caldwell, Sumner County, Kansas (**"SUBJECT PREMISES"**) including any outbuildings, and vehicles located on the curtilage.  The SUBJECT PREMISES is believed to be the residence of Mistie Dawn BROWN and William Edward BROWN.  The SUBJECT PREMISES is located on the east side of North Osage.  The front door of the SUBJECT PREMISES is on the west side of the residence.  The SUBJECT PREMISES is a white and grey in color, single-story, single-family residence, with

2

grey in color shingled roof. There is a detached outbuilding on the east side of the residence.





## ITEMS TO BE SEIZED

6.    The items to be seized from the **SUBJECT PREMISES** which constitute the fruits, instrumentalities, and evidence of possession of firearms and ammunition by prohibited persons in violation of 18 U.S.C. § 922(g); evidence of

3

selling, giving, or otherwise disposing of any firearm or ammunition to a prohibited person in violation of 18 U.S.C. § 922(d); and evidence of being engaged in the business of dealing in firearms without being licensed in violation of 18 U.S.C. § 922(a)(1)(A) include the following:

a.      Firearms, ammunition, and firearms accessories, including but not limited to, handguns, pistols, revolvers, rifles, shotguns, frames/receivers, machine guns, and other weapons and any records or receipts pertaining to firearms and ammunition;

b.      Records, documents, and items pertaining to the receipt, possession, transfer, selling, and/or disposition of firearms;

c.      Indicia of ownership or control of the premises and vehicle described herein, including but not limited to, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, vehicle registration documents, and keys.

d.      Electronic devices such as cellular phones, computers, tablets, digital media storage devices, and other electronic devices;

e.      Evidence relating to the manufacture and maintaining of firearms including but not limited to tools, dies, parts, and accessories, needed to manufacture and/or maintain firearms.

f.      United States and foreign currency linked to the possession, manufacture, or distribution of firearms, including any and all financial records to the investigation of the laundering of illicitly obtained monies.

## **PROBABLE CAUSE**

7.     From speaking with other law enforcement personnel involved in this investigation, from reviewing written reports and documents pertaining to this investigation, and from affiant's personal involvement in this investigation, affiant knows the following:

a.     On September 28, 2021, ATF Kansas City Crime Gun Intelligence Center opened an investigation into Mistie Dawn BROWN (White Female 11/14/1988) relating to suspicious firearm activity after a firearm she had purchased from Federal Firearms Licensee, Kimberly Rowley (henceforth referred to as K. Rowley), doing business as Fall Creek Armory (FFL Number 5-48-191-07-3A-04995) was recovered by law enforcement in Mexico.   Mistie BROWN (henceforth referred to as M. BROWN) acquired an Anderson Manufacturing, model AM15, AR type lower receiver, bearing serial number 20009894, from K. Rowley on February 6, 2020.   That receiver was reported as being recovered in Irapuato, Guanajuato, Mexico on January 29, 2021, as a complete rifle.   While tracing the original purchase of the firearm, K. Rowley reported that the firearm was purchased along with 16 additional lower receivers.

b.     On October 1, 2021, during the course of an ATF Industry Operations inspection of K. Rowley's FFL operation, investigators learned of a number of other firearms acquired by M. BROWN and provided copies of those ATF Form 4473 Firearms Transaction Records to your Affiant.   Contained within those records was the purchase of approximately 136 firearms between February 6,

2020, and September 29, 2021.  The firearms consisted of handguns, shotguns, and

mostly AR type receivers and are broken down by the following purchases:

- 9/29/21:  1 Jennings pistol

- 8/10/21:  1 Taurus revolver

- 7/2/21:  101 lower receivers

- 6/7/21:  1 Glock pistol (transaction containing different handwriting on the ATF Form 4473)

- 5/3/21:  1 lower receiver

- 3/11/21:  2 12 GA shotguns and 7 lower receivers (it is noted that it appears an 8th serial number matching an Anderson Manufacturing AM15 receiver serialization method is listed on this transaction, but it is unknown if an 8th receiver was transferred)

- 3/3/21:  1 Heritage revolver

- 1/7/21:  2 12 GA shotguns and 1 lower receiver

- 4/17/20:  1 lower receiver (transaction containing different handwriting on the ATF Form 4473)

- 2/6/20:  17 lower receivers (transaction involving the receiver that was located in Mexico)

      c.    Your affiant learned that William Edward BROWN (White

Male 03/29/1988, henceforth referred to as W. BROWN) had been denied a firearm

transaction on February 13, 2020, at Fall Creek Armory.  On February 13, 2020, W.

BROWN completed that ATF Form 4473, which resulted in a delayed response with

regards to his background check.  He was subsequently denied the transaction on

February 13, 2020, due to a prior felony conviction from the 18th Judicial District Court of Johnson County, Texas under Cause Number F39813, relating to the charge of Possession of a Controlled Substance, thereby prohibiting W. BROWN from possessing firearms or ammunition. W. BROWN is believed to be the husband of M. BROWN and they provided the same address on the ATF Form 4473's. Your affiant acquired a copy of the marriage license of W. and M. BROWN which indicates that they wed in February of 2007. It is noted that W. BROWN's felony charge received a second judgement on October 16, 2007, after it was alleged that he violated community supervision conditions.

        d.      On October 22, 2021, your Affiant, along with other ATF Special Agents, participated in an interview with James Rowley (henceforth referred to as J. Rowley), the husband to K. Rowley and a responsible person on her Federal Firearms License. J. Rowley stated that he knew M. BROWN and that she had purchased a number of firearms from him. J. Rowley stated that he advised M. BROWN to purchase firearms while they were cheap, hold on to them and then sell them when the price increases. J. Rowley stated that he knew M. BROWN still had 100 receivers that she had purchased from him earlier in the year. J. Rowley stated that she had previously purchased firearms other than the 100 receivers and may have sold some of those. J. Rowley stated that he was unaware that W. BROWN had been denied on a previous firearm transaction at the business.

        e.      It is of note that two of the ATF Form 4473's with M. BROWN's identifying information listed on the form do not appear to be written in

the same handwriting as the others. The handwriting appears to be more consistent with the handwriting on W. BROWN's denied ATF Form 4473. At the time of the interview J. Rowley stated that he did not know why that would be. It was discussed that on occasion he would have customers who, due to some limiting factor, would have another person complete the form with their identifying information.

       f.    Your Affiant learned from ATF Industry Operations Investigator (IOI) Jody Sharp that J. Rowley had told her the following:

- that since the inspection and subsequent interview by ATF Special Agents, J. Rowley retrieved the box of receivers from M. BROWN and IOI Sharp believed J. Rowley to be referring to the receivers from the July 2, 2021, acquisition.

- J. Rowley believes W. BROWN had run the background check on himself while J. Rowley was out of town.

- that the handwriting on the ATF Form 4473s which was different handwriting was W. BROWN's and the Rowleys assumed that W. BROWN had assisted her with filling out the forms due to M. BROWN having carpel tunnel syndrome (it is added that the Rowleys did not specifically see W. BROWN complete the forms for M. BROWN). K. Rowley remembered that in conducting the transaction that occurred on April 17, 2020, she handed the acquired firearm receiver to M. BROWN after completing the background check.

- W. BROWN had been assisting at Fall Creek Armory with building firearms.

       g.    Your Affiant is aware that both W. and M. BROWN have been queried through ATF records and no information was found relating to either BROWN having a Federal Firearms License.

8.     Based on my training and experience, consultation with other experienced investigators, and other sources of information, I know the following regarding persons engaged in the illegal possession of, dealing, and/or manufacturing of firearms:

a.     That individuals who own and possess firearms generally maintain firearms and firearm collections for a long period of time;

b.     That individuals who possess firearms also possess other items associated with firearms including ammunition, firearm magazines, firearm parts, firearm accessories, holsters, cases, boxes, and records, including receipts, price tags, and other documents indicating the purchase, use, maintenance or sale of such items;

c.     That individuals who possess firearms frequently possess photographs, films, or recordings of themselves in possession of firearms, these items can be stored in a variety of formats including, but not limited to, digital format that is contained on cellular phones, computers, tablets, digital storage devices, and other electronic devices;

d.     That individuals who possess firearms frequently store firearms, ammunition, parts/accessories, tools, records, and other items relating to the possession, acquisition, manufacture, and disposition of firearms in their residences, vehicles, outbuildings, sheds, and other structures; furthermore, these items may be stored within various safes, lock boxes, or other secured storage containers within said locations;

9

e.      That individuals who manufacture and/or deal in firearms will maintain records relating to the acquisition, manufacture, and distribution of firearms including but not limited to receipts, invoices, ledgers, notes, books, pay/owe sheets, and other records showing the movement of firearms, ammunition, and parts/accessories;

f.      That individuals who manufacture firearms will have tools, dies, parts, and accessories, needed to manufacture firearms.

## CONCLUSION

9.      Based on the foregoing, your affiant believe there is probable cause that evidence of the possession of firearms and ammunition by prohibited persons in violation of 18 U.S.C. § 922(g); evidence of selling, giving, or otherwise disposing of any firearm or ammunition to a prohibited person in violation of 18 U.S.C. § 922(d); and evidence of being engaged in the business of dealing in firearms without being licensed in violation of 18 U.S.C. § 922(a)(1)(A) will be found at the SUBJECT PREMISES.

Further Affiant Saith Naught.

JUSTIN D. SPRAGUE
ATF Special Agent

Subscribed and sworn to before me this this 30th day of November, 2021.

HONORABLE KENNETH G. GALE
United States Magistrate Judge

11